UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MENGYANG DAI,<br><br>    Plaintiff,<br><br>v.<br><br>ERDAN LIU, et al.,<br><br>    Defendants. | Case No. 24-cv-00356-VKD<br><br>**ORDER (1) DENYING PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIM AND (2) GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES**<br><br>Re: Dkt. No. 10 |

Plaintiff Mengyang Dai filed this wage-and-hour action against defendants 3 Kingdoms, Inc. ("3 Kingdoms")[1] and Erdan Liu. Ms. Dai moves pursuant to Rule 12 to dismiss 3 Kingdoms' fourth counterclaim and to strike several of defendants' affirmative defenses.[2] Dkt. No. 10. Defendants oppose the motion. Dkt. No. 13. Upon consideration of the moving and responding papers, as well as the oral arguments presented, the Court denies Ms. Dai's motion to dismiss 3 Kingdoms' fourth counterclaim and grants in part and denies in part her Rule 12(f) motion to strike affirmative defenses.[3]

---

[1] The record indicates that 3 Kingdoms was dissolved in July 2023. *See* Dkt. No. 1 ¶ 8; Dkt. No. 6 (Answer ¶ 8). That fact is not material to the resolution of the present motion.

[2] Although Ms. Dai briefed her motion to dismiss as one brought pursuant to Rule 12(b)(6), she filed her motion after she answered defendants' counterclaims. *See* Fed. R. Civ. P. 12(b) ("A motion asserting any of these defenses [under Rule 12(b)] must be made *before pleading* if a responsive pleading is allowed.") (emphasis added). As the pleadings are closed, the Court treats Ms. Dai's motion as one for judgment on the pleadings pursuant to Rule 12(c). *See Elvig v. Calvin Presbyterian Church*, 375 F.3d 951, 954 (9th Cir. 2004).

[3] All parties have expressly consented that all proceedings in this matter may be heard and finally adjudicated by a magistrate judge. 28 U.S.C. § 636(c); Fed. R. Civ. P. 73; Dkt. Nos. 8, 12.

## I. BACKGROUND

According to her complaint, Ms. Dai worked for several years as a non-exempt employee at the 3 Kingdoms Hot Pot restaurant run by Ms. Liu in Mountain View, California. She claims that in addition to other violations of wage-and-hour laws, defendants failed to pay her minimum wages and overtime compensation, failed to provide meal and rest breaks, and unlawfully retained tips. Ms. Dai further alleges that defendants retaliated against her and unlawfully terminated her employment after she raised issues regarding her compensation. Her complaint asserts 14 claims for relief based on alleged violations of the federal Fair Labor Standards Act ("FLSA"), the California Labor Code, California's Unfair Competition Law, and California's Private Attorney General Act. She also asserts a claim for wrongful termination in violation of public policy. *See* Dkt. No. 1.

Defendants answered the complaint and asserted several affirmative defenses and counterclaims. Dkt. No. 6. According to defendants' counterclaims, Ms. Dai began working at the restaurant around November 2020 as a waitress, and later became the restaurant's manager around June 2021. *Id*. (Counterclaims, ¶¶ 12-13). Defendants assert that as manager, Ms. Dai "held a position of influence due to her friendship" with Ms. Liu, and they "placed a high level of trust" in her and believed that "she would run the restaurant and account faithfully for their sales, profits, and employees." *Id*. ¶¶ 13-14. Defendants further state that Ms. Dai's managerial responsibilities included "onboarding new personnel, . . . hiring and firing, managing employees' performance, managing the timecard system, including calculating all of 3 Kingdoms' employees' hours worked, time off, wages, and tips," as well as reviewing timecards and submitting them to Ms. Liu for payroll. *Id*. ¶ 15. According to defendants, Ms. Liu generally "did not review the [timecard entries]" and "assumed they were already reviewed by [Ms. Dai], and were true and correct." *Id*. ¶ 15. Additionally, except for Ms. Liu, Ms. Dai "was the only other person who had access and password information to the timecard machine." *Id*. ¶ 16.

Defendants allege that around July 2022, Ms. Dai demanded an increased salary. *Id*. ¶ 17. In evaluating Ms. Dai's request, defendants say that Ms. Liu reviewed Ms. Dai's previous earnings and reportedly discovered that from 2021 through 2022, Ms. Dai added three

2

individuals—who had never worked for the restaurant—to the restaurant's personnel and payroll. *Id*. Defendants believe that two of those individuals are Ms. Dai's mother and mother-in-law, and say that they were "alarmed" to discover that the addresses on the W-2 forms for all three individuals matched Ms. Dai's residential address. *Id*. ¶ 18; *see also id*. ¶ 24. They further assert, on information and belief, that Ms. Dai "kept all or some of the money improperly designated for [the three individuals]," and "used this method of misreporting to steal other people's identities and deceive the Internal Revenue Services and receive government subsidies herself." *Id*. ¶ 19; *see also id*. ¶ 24. Ms. Liu allegedly "confronted [Ms. Dai] with her concerns," "alluded to the fact that it could be unlawful to steal other people's identities for the benefit of evading federal and state income taxes," and "tried to resolve the issue of the misreporting of wages caused by [Ms. Dai], to no avail." *Id*. ¶¶ 20-21. According to defendants, Ms. Dai's alleged "willful misconduct in misreporting wages" has caused them harm in excess of $131,092.41. *Id*. ¶ 21.

Additionally, defendants allege that throughout her employment as the restaurant's manager, Ms. Dai unlawfully increased her wages by wrongfully allocating a share of tips to herself (even though, as manager, she was not entitled to a share of the tips), and by falsifying her time records (e.g., clocking in on days when she did not work). *Id*. ¶¶ 22, 23.

Both defendants assert counterclaims against Ms. Dai for fraud—concealment (counterclaim 1), intentional misrepresentation (counterclaim 5), and negligent misrepresentation (counterclaim 6). Additionally, 3 Kingdoms asserts several counterclaims against Ms. Dai for conversion (counterclaim 2), breach of duty of loyalty (counterclaim 3), receipt of stolen property in violation of California Penal Code § 496 (counterclaim 4), and for moneys had and received (counterclaim 7). *Id*. ¶¶ 26-80.

Ms. Dai answered defendants' counterclaims. Dkt. No. 9. She admits that she used the Social Security numbers of the three identified individuals, including her mother and mother-in-law, to report part of her earnings at the restaurant. *See id*. ¶¶ 17-19, 28. But she otherwise denies defendants' allegations.

On the same day she filed her answer to the counterclaims, Ms. Dai moved pursuant to Rule 12(b)(6) to dismiss 3 Kingdoms' fourth counterclaim for receipt of stolen property, arguing

1   that 3 Kingdoms cannot state a plausible claim for relief under California Penal Code § 496.  (As
2   noted above, the Court construes Ms. Dai's Rule 12(b)(6) motion as a Rule 12(c) motion for
3   judgment on the pleadings.)  Ms. Dai also moved pursuant to Rule 12(f) to strike several of
4   defendants' affirmative defenses, arguing that they are conclusory, not legally viable, and/or
5   redundant.

## II.    LEGAL STANDARD

### A.    Rule 12(c)

A motion for judgment on the pleadings may be brought "[a]fter the pleadings are closed—but early enough not to delay trial."  Fed. R. Civ. P. 12(c).  Rule 12(c) motions test the legal sufficiency of a claim.  *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012).  Such motions are "functionally identical" to those brought pursuant to Rule 12(b)(6), and "the same standard of review applies to motions brought under either rule."  *Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 n.4 (9th Cir. 2011) (internal quotations and citations omitted).  For purposes of Ms. Dai's present motion, the relevant pleading is defendants' counterclaims. Accordingly, the Court must "accept factual allegations in the [counterclaims] as true and construe the pleadings in the light most favorable to the nonmoving party," but need not accept as true conclusory allegations.  *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).  The Court may consider materials subject to judicial notice without converting a Rule 12(c) motion into one for summary judgment.  *United States v. 14.02 Acres*, 547 F.3d 943, 955 (9th Cir. 2008).

Judgment on the pleadings is proper when, taking all allegations in the pleading as true, the counterclaims do not plead "enough facts to state a claim to relief that is plausible on its face," and the moving party is entitled to judgment as a matter of law.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Stanley v. Trs. of Cal. State Univ.*, 433 F.3d 1129, 1133 (9th Cir. 2006).

### B.    Rule 12(f)

Rule 12(f) provides that a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  A matter is "immaterial" when it "has

4

no essential or important relationship to the claim for relief or the defenses being pled, and '[i]mpertinent' matter consists of statements that do not pertain, and are not necessary, to the issues in question. *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds by Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994). The function of a Rule 12(f) motion to strike is to avoid the expenditure of time and money that arises from litigating spurious issues by dispensing of those issues before trial, and such motion may be appropriate where it will streamline the ultimate resolution of the action. *Fantasy*, 984 F.2d at 1527-28. "A motion to strike should be granted if it will eliminate serious risks of prejudice to the moving party, delay, or confusion of issues." *Lee v. Hertz Corp.*, 330 F.R.D. 557, 560 (N.D. Cal. 2019) (citing *Fantasy*, 984 F.2d at 1528).

"Motions to strike are regarded with disfavor [ ] because of the limited importance of pleadings in federal practice and because they are often used solely to delay proceedings." *Capella Photonics, Inc. v. Cisco Sys., Inc.*, 77 F. Supp. 3d 850, 858 (N.D. Cal. 2014) (quotation omitted). In most cases, a motion to strike should not be granted unless "the matter to be stricken clearly could have no possible bearing on the subject of the litigation." *Platte Anchor Bolt, Inc. v. IHI, Inc.*, 352 F. Supp. 2d 1048, 1057 (N.D. Cal. 2004). "The grounds for a motion to strike must appear on the face of the pleading under attack," and "the Court must view the pleading under attack in the light more favorable to the pleader when ruling upon a motion to strike." *Boddie v. Signature Flight Support Corp.*, No. 19-cv-03044-DMR, 2019 WL 3554383, at *1 (N.D. Cal. Aug. 5, 2019) (quotation omitted).

**III.   DISCUSSION**

    **A.   3 Kingdoms' Fourth Counterclaim**

3 Kingdoms' fourth counterclaim is based on Ms. Dai's alleged receipt of stolen property in violation of California Penal Code § 496(a). Dkt. No. 6 ¶¶ 50-58. Section 496(a) makes it a criminal offense to "buy[] or receive[] any property that has been stolen or that has been obtained in any manner constituting theft or extortion, knowing the property to be so stolen or obtained," or to "conceal[], sell[], withhold[], or aid[] in concealing, selling, or withholding any property from the owner, knowing the property to be so stolen or obtained[.]" Cal. Penal Code § 496(a). "Any

5

person who has been injured by" crimes defined in section 496(a) may bring a civil lawsuit to recover three times the amount of actual damages, as well as costs and reasonable attorneys' fees. *Id*. § 496(c).

Section 496(c) "is clear and unambiguous." *Switzer v. Wood*, 35 Cal. App. 5th 116, 126 (2019) (citing *Bell v. Feibush*, 212 Cal. App. 4th 1041, 1045-47 (2013)). "All that is required for civil liability to attach under section 496(c), including entitlement to treble damages, is that a 'violation' of subdivision (a) or (b) of section 496 is found to have occurred." *Id*. (citing *Bell*, 212 Cal. App. 4th at 1045-1047). "Section 496(a) extends to property 'that has been obtained in any manner constituting theft,'" *Bell*, at 1048 (quoting Cal. Penal Code § 496(a)), and "[a] criminal conviction is not a prerequisite to recovery of treble damages" under section 496(c), *Switzer*, 35 Cal. App. 5th at 126. "[T]he elements required to show a violation of section 496(a) are simply that (i) property was stolen or obtained in a manner constituting theft, (ii) the defendant knew the property was so stolen or obtained, and (iii) the defendant received or had possession of the stolen property." *Id*. Endorsing the analysis of *Bell* and *Switzer*, the California Supreme Court reiterated that "section 496(c) is unambiguous" and "must be understood as yielding the understanding attributed to it in those decisions: A plaintiff may recover treble damages and attorney's fees under section 496(c) when property has been obtained in any manner constituting theft." *Siry Inv., L.P. v. Farkhondehpour*, 13 Cal. 5th 333, 361 (2022).

Ms. Dai argues that 3 Kingdoms' counterclaim is not plausible, principally arguing that defendants have only alleged that she committed the crime of theft, and that she cannot be liable for both the receipt of stolen property and theft of the same property.

"Historically, a thief could not be convicted under section 496 of receiving the property he stole." *People v. Reyes*, 52 Cal. App. 4th 975, 986 (1997). The California Legislature subsequently amended section 496 to provide that "[a] principal in the actual theft of the property may be convicted [of receiving stolen property]," although "no person may be convicted both pursuant to [section 496] and of the theft of the same property." *Id*. (quoting Cal. Penal Code § 496(a)). While some courts have construed the prohibition against dual criminal convictions for theft and receipt of stolen property as precluding or limiting dual civil liability, this Court is

1  persuaded by the approach—consistent with *Siry*, *Bell*, *Switzer*, and others—that "[t]he dual-
2  conviction bar in § 496(a) is plainly limited to dual *convictions*, while § 496(c) broadly allows
3  civil liability for any violation of § 496." *Gilbert L. Loaec 2014 Trust v. Doheny*, No. 19-cv-
4  02078-NC, 2019 WL 6255417, at *5 (N.D. Cal. Nov. 22, 2019); *see also Grouse River Outfitters,*
5  *Ltd. v. Oracle Corp.*, 848 F. App'x 238, 242-43 (9th Cir. 2021) (rejecting view that section 496(a)
6  requires "additional conduct" for liability to attach where plaintiff adequately pled claims for fraud
7  and theft by false pretense); *Allure Labs, Inc. v. Markushevska*, 606 B.R. 51, 57 (N.D. Cal. 2019)
8  ("California law permits a thief to be convicted of receiving or concealing stolen property under
9  § 496(a) even if the thief stole the property at issue, so long as the thief is not also convicted of
10 theft of the property."); *Siry*, 13 Cal. 5th at 361 ("A plaintiff may recover treble damages and
11 attorney's fees under section 496(c) when property has been obtained in any manner constituting
12 theft."); *Switzer*, 35 Cal. App. 5th at 130 ("Based on the plain wording of section 496(c), the
13 Legislature apparently believed that *any* violation of section 496(a) (or of subdivision (b)), if
14 proven, would warrant the availability of treble damages."); *Bell*, 212 Cal. App. 4th at 1049
15 (holding that phrase "any manner constituting theft" under section 496 includes theft by false
16 pretense and permitting recovery of trebled damages based on moneys obtained by fraud and
17 concealment).

18  Here, defendants sufficiently allege all three elements to support a claim under section 496.
19 They allege that Ms. Dai fraudulently misappropriated funds by (1) misreporting wages using the
20 Social Security numbers of at least three individuals who never worked for the restaurant, and
21 keeping some or all of the money for herself, (2) falsifying her timecards and hours worked; and
22 (3) improperly distributing funds from the tip pool to herself. *See* Dkt. No. 6 (Counterclaims
23 ¶¶ 17-19, 20, 22, 23-25, 53). They further allege that Ms. Dai knew the funds belonged to 3
24 Kingdoms, but nonetheless acted intentionally to deprive 3 Kingdoms of its money, and to keep
25 the sums "for her own use and benefit and depriving 3 Kingdoms of those profits." *See id*. ¶¶ 25,
26 54-57.

27  Ms. Dai's motion for judgment on the pleadings on 3 Kingdoms' fourth counterclaim is
28 denied.

### B. Defendants' Affirmative Defenses

Ms. Dai moves to strike defendants' affirmative defenses on the grounds that they are conclusory, not legally viable, and/or redundant. However, at the motion hearing, Ms. Dai agreed that, aside from defendants' tenth and fifteenth affirmative defenses, the other asserted defenses will not require her to conduct additional discovery or impose an additional burden in the litigation if those defenses remain in the case.

Defendants' tenth and fifteenth affirmative defenses essentially assert that defendants had legitimate business reasons and/or good faith reasons for their alleged wrongful conduct. *See* Dkt. No. 6 at 13, 14. At the motion hearing defendants agreed that they do not need to assert the tenth and fifteenth defenses as affirmative defenses, as those defenses are not actually *affirmative* defenses, but rather a negation of Ms. Dai's claims for relief. Accordingly, the Court grants Ms. Dai's motion to strike the tenth and fifteenth defenses, insofar as defendants asserted them as affirmative defenses. This ruling does not affect defendants' ability to otherwise defend this litigation by demonstrating that Ms. Dai has not met her burden of proof on her claims for relief. Ms. Dai's motion to strike defendants' remaining affirmative defenses is denied.

## IV. CONCLUSION

Based on the foregoing, the Court (1) denies Ms. Dai's Rule 12(c) motion to dismiss 3 Kingdoms' fourth counterclaim and (2) grants Ms. Dai's Rule 12(f) motion to strike defendants' tenth and fifteenth affirmative defenses, but otherwise denies her motion to strike the remaining defenses.

**IT IS SO ORDERED.**

Dated: April 23, 2024

Virginia K. DeMarchi
United States Magistrate Judge