1  SUSAN E. BISHOP, CA STATE BAR NO. 187253
   LEAH M. LAMBERT, CA STATE BAR NO. 351667
2  BERLINER COHEN, LLP
   TEN ALMADEN BOULEVARD
3  ELEVENTH FLOOR
   SAN JOSE, CALIFORNIA 95113-2233
4  TELEPHONE: (408) 286-5800
   FACSIMILE: (408) 998-5388
5  susan.bishop@berliner.com
   leah.lambert@berliner,con
6
   ATTORNEYS FOR DEFENDANTS AND
7  COUNTERCLAIMANTS, 3 KINGDOMS, INC.
   3 KINGDOMS, LLC; AND ERDAN LIU
8

9              UNITED STATES DISTRICT COURT

10            NORTHERN DISTRICT OF CALIFORNIA

11                  SAN JOSE DIVISION

12

| | |
|---|---|
| 13  MENGYANG DAI, CESAR FELIPE, MARIE ORTIZ, and JULIO CALICIA | CASE NO. 5:24-cv-00356-VKD |
| 14 | DEFENDANTS, 3 KINGDOMS, INC.; 3 |
| 15  Plaintiff, | KINGDOMS, LLC; AND ERDAN LIU'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT |
| 16  v. | |
| 17  3 KINGDOMS, INC., a California Corporation; 3 KINGDOMS, LLC, a Delware Limited Liability Corporation; ERDAN LIU, an individual, | Case Filed:  January 22, 2024 FAC:        May 31, 2024 |
| 18 | |
| 19  Defendants. | |
| 20 | |
| 21  3 KINGDOMS, INC., a California Corporation; ERDAN LIU, an individual, | |
| 22 | |
| 23  Counterclaimants, | |
| 24  v. | |
| 25  MENGYANG DAI, an individual, ROES 1-10, inclusive, | |
| 26 | |
| 27  Counter Defendants, | |
| 28 | |

CASE NO. 5:24-CV-00356-VKD

4862-8318-9957v9
LLAMBERT\32337001

1    Defendants 3 KINGDOMS, INC.; 3 KINGDOMS, LLC, and ERDAN LIU (hereinafter

2    referred to collectively as "Defendants"), by and through their undersigned counsel, hereby submit

3    the following Answer to Plaintiffs MENGYANG DAI; CESAR FELIPE; MARIE ORTIZ; and

4    JULIO CALICIA ("Plaintiffs") First Amended Complaint as follows:

5                                   **ANSWER**

6    Defendants 3 KINGDOMS, INC.; 3 KINGDOMS, LLC, and ERDAN LIU (hereinafter

7    referred to collectively as "Defendants") as and for their answer to the complaint state as follows:

8                                **JURISDICTION**

9    1.    Defendants admit the allegations of paragraph 1 of the First Amended Complaint.

10    2.    Defendants admit the allegations of paragraph 2 of the First Amended Complaint as

11    to the annual gross volume of sales 3 KINGDOMS, LLC but deny as to 3 KINGDOMS, INC. and

12    ERDAN LIU.  Defendants admit the remaining allegations.

13    3.    Defendants admit the allegations of paragraph 3 of the First Amended Complaint, to

14    the extent "Plaintiff" refers to Plaintiffs DAI, FELIPE, ORTIZ, and CALICIA.

15                          **JURISDICTION AND VENUE**

16    4.    Defendants admit the allegations in paragraph 4, sentence 1 to the extent this Court

17    has jurisdiction over Plaintiff's federal law claims. Defendants lack knowledge sufficient to form a

18    belief as to the truth that Plaintiff is and was at all times relevant herein a resident of the Santa Clara

19    County of California, the Northern District of California and therefore deny the remaining

20    allegations in the paragraph.

21    5.    Defendants deny the allegations of paragraph 5 on the basis that 3 KINGDOMS, INC.

22    is no longer in existence and therefore it is not a corporation incorporated under the laws of

23    California.

24    6.    Answering the allegations of paragraph 6, Defendants admit that 3 KINGDOMS,

25    LLC is a Delaware limited liability company registered as an out-of-state limited liability company with

26    the Office of the Secretary of State for the State of California but deny the remaining allegations in the

27    paragraph.

28    ///

CASE NO. 5:24-CV-00356-VKD                    -1-

DEFENDANTS, 3 KINGDOMS, INC.; 3 KINGDOMS, LLC; AND ERDAN LIU'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

7.      Defendants admit the allegations of paragraph 7 of the First Amended Complaint as to 3 KINGDOMS, INC. and 3 KINGDOMS, LLC deny as to ERDAN LIU.

### **PARTIES**

8.      Answering the allegations of paragraph 8, Defendants admit that Plaintiff DAI was employed with Defendant 3 KINGDOMS, INC. as a manager, but denies that she was employed by 3 KINGDOMS, LLC or ERDAN LIU, individually. Defendants further allege that they lack knowledge sufficient to form a belief as to the truth that Plaintiff DAI is currently an individual and resident of the County of Santa Clara County in the State of California, and therefore deny the remaining allegations in the paragraph.

9.      Answering the allegations of paragraph 9, Defendants admit that Plaintiff FELIPE was employed with Defendants 3 KINGDOMS, INC. and 3 KINGDOMS, LLC as a restaurant worker from approximately March 10, 2021 until February 10, 2024, but deny that he was employed by ERDAN LIU, individually. Defendants further allege that they lack knowledge sufficient to form a belief as to the truth that Plaintiff FELIPE is currently an individual and resident of the County of Santa Clara County in the State of California, and therefore deny these allegations in the paragraph.

10.     Answering the allegations of paragraph 10, Defendants admit that Plaintiff ORTIZ was employed with Defendant 3 KINGDOMS, INC. as a restaurant worker, but deny that she was employed as a restaurant worker from approximately March 10, 2021 until February 2, 2024. Defendants allege that Plaintiff ORTIZ was employed as a restaurant worker from approximately March 26, 2021 until February 23, 2024. Defendants further deny that she was employed by ERDAN LIU, individually. Defendants further allege that they lack knowledge sufficient to form a belief as to the truth that Plaintiff ORTIZ is currently an individual and resident of the County of Santa Clara County in the State of California, and therefore deny the remaining allegations in the paragraph.

11.     Answering the allegations of paragraph 11, Defendants admit that Plaintiff CALICIA was employed with Defendant 3 KINGDOMS, INC. as a restaurant worker from approximately September 13, 2023 until February 22, 2024, but deny that he was employed by ERDAN LIU, individually. Defendants further allege that they lack knowledge sufficient to form a belief as to the

truth that Plaintiff CALICIA is currently an individual and resident of the County of Santa Clara County in the State of California, and therefore deny the remaining allegations in the paragraph.

12.     Defendants admit the allegations of paragraph 12 of the First Amended Complaint.

13.     Answering the allegations in paragraph 13, Defendants admit that 3 KINGDOMS, LLC is a Delaware limited liability company registered as an out-of-state limited liability company with the Office of the Secretary of State for the State of California but deny the remaining allegations in the paragraph.

14.     Defendants admit to the allegation of paragraph 14 but deny that Defendant ERDAN LIU has been running a restaurant called 3 Kingdoms Hot Pot with or without the corporate defendant 3 Kingdoms, Inc. since 2018.  Defendants further allege that the restaurant was opened in November 2020.

## ALTER EGO ALLEGATIONS

15.     Defendants deny the allegations of paragraph 15 because 3 KINGDOMS, INC. was dissolved in July 2023, and continued the wind-down process until December 2023. Defendants admit that they did not inform Plaintiff or other employees, but on information and belief understand that Plaintiff DAI knew about the dissolution and told others.

16.     Defendants admit the allegations of paragraph 16.

17.     Defendants deny the allegations of paragraph 17.

18.     Defendants deny the allegations of paragraph 18.

19.     Defendants deny the allegations of paragraph 19.

20.     The contents of paragraph 20 do not include statements of fact or law, and therefore Defendants are not required to provide an answer.

21.     Defendants deny the allegations of paragraph 21, including subparts (a) through (h).

22.     Defendants deny the allegations of paragraph 22.

## PERSONAL LIABILITY

23.     The allegations of paragraph 23 state a legal conclusion to which no answer is required.

///

4862-8318-9957v9
LLAMBERT\32337001

24.     The allegations of paragraph 24 state a legal conclusion to which no answer is required.

25.     The allegations of paragraph 25 state a legal conclusion to which no answer is required.

26.     Defendants deny the allegations of paragraph 26 that Defendants terminated Plaintiff DAI and Plaintiff CALICIA or that they took retaliatory action against Plaintiffs and further deny that each individual Defendant is an "owner, director, officer, or managing agent of the corporate defendant 3 KINGDOMS, INC. acting in the interest of 3 KINGDOMS, INC but admit the remaining allegations of paragraph 26.

### FACTUAL ALLEGATIONS APPLICABLE TO ALL CLAIMS

### COUNT 1-FAILURE TO PAY MINIMUM COMPENSATION UNDER FLSA

### (PLAINTIFF DAI AGAINST ALL DEFENDANTS)

27.     The allegations of paragraph 27 state a legal conclusion to which no answer is required.

28.     Defendants deny the allegations of paragraph 28.

29.     Defendants deny the allegations of paragraph 29 that Plaintiff DAI is entitled to minimum wages. As to the remaining allegations of paragraph 29 that state a legal conclusion, no answer is required.

30.     Defendants deny the allegations of paragraph 30 that Plaintiff DAI is entitled to liquidated damages in addition to reasonable attorney fees and costs. As to the remaining allegations of paragraph 30 that state a legal conclusion, no answer is required.

### COUNT 2-FAILURE TO PAY OVERTIME COMPENSATION UNDER FLSA

### (PLAINTIFF DAI, FELIPE, AND ORTIZ AGAINST ALL DEFENDANTS)

31.     Defendants re-allege and incorporate their responses to each preceding paragraph as if fully stated herein.

32.     The allegations of paragraph 32 state a legal conclusion to which no answer is required.

///

-4-

1   33.   The allegations of paragraph 33 state a legal conclusion to which no answer is

2   required.

3   34.   The allegations of paragraph 34 state a legal conclusion to which no answer is

4   required.

5   35.   Defendants admit the allegations of paragraph 35 that Plaintiff DAI worked for

6   Defendant 3 KINGDOMS, INC from approximately June 2021 through July 2023 as a non-exempt

7   worker, except that Plaintiff DAI was designated as a manager. Defendants deny the remaining

8   allegations in the paragraph.

9   36.   Defendants deny the allegations of paragraph 36, but admit that from January 2022 to

10  June 2023, Plaintiff DAI generally worked for 3 KINGDOMS, INC from Wednesday to Sunday

11  each week. On Wednesdays and Thursdays, she generally started at either 11:00 a.m., 11:30 a.m., or

12  noon, and took a two-hour break starting at 2:30 or 3:30 p.m.

13  37.   Defendants admit the allegations of paragraph 37 as to Plaintiff DAI's typical

14  schedule on Fridays, Saturdays and Sundays.

15  38.   Defendants admit the allegations of paragraph 38.

16  39.   Defendants admit that they designated Plaintiff DAI as a manager but deny each and

17  every remaining allegation in paragraph  39  of  the First Amended Complaint.

18  40.   Defendants admit the allegations of paragraph 40, except that Plaintiff FELIPE

19  generally worked six (6) night shifts per week.

20  41.   Defendants deny the allegations of paragraph 41.

21  42.   Defendants admit that in or around August and September 2023 Plaintiff FELIPE

22  worked as a busser and that on Friday, Saturday, and Sunday, he would occasionally work from

23  11:00 a.m. until approximately 11:00 p.m. or 11:30 p.m. with a two (2) to two and one-half (2.5)  hour

24  break (excluding meal and rest breaks) from 2:30 p.m. or 3:00 p.m. until 5:00 p.m. but deny the

25  remaining allegations of paragraph 42.

26  43.   Defendants deny the allegations of paragraph 43,  but admit that on occasion, Plaintiff

27  ORTIZ worked as a kitchen helper and dishwasher from 11:00 a.m. until approximately 11:00 p.m.

28  or 11:20 p.m. with a one and one-half (1.5) hour to two-hour (2) break (excluding meal and rest

1    breaks) from 2:30 p.m. until 4:00 p.m. or 4:30 p.m. or from 3:00 p.m. until 4:30 p.m. or 5:00 p.m.

2        44.    Defendants admit that Plaintiffs DAI, FELIPE, AND ORTIZ worked overtime, but

3    deny the remaining allegations in paragraph 44.

4        45.    Defendants deny the allegations of paragraph 45.

5        46.    Defendants deny the allegations of paragraph 46.

6                    **COUNT 3-UNLAWFUL RETENTION OF TIPS UNDER FLSA**

7                       **(ALL PLAINTIFFS, AGAINST ALL DEFENDANTS)**

8        47.    Defendants re-allege and incorporate their responses to each preceding paragraph as if

9    fully stated herein.

10       48.    The allegations of paragraph 48 state a legal conclusion to which no answer is

11   required.

12       49.    Defendants deny the allegations of paragraph 49, except that Defendant 3

13   KINGDOMS, INC. admits that it required the waitstaff to pool their tips in 2021, and part of 2022.

14       50.    Defendants deny the allegations of paragraph 50 of the First Amended Complaint.

15       51.    Defendants deny the allegations of paragraph 51 of the First Amended Complaint.

16                   **COUNT 4- CONVERSION OF TIPS UNDER CALIFORNIA LAW**

17                      **(ALL PLAINTIFFS AGAINST ALL DEFENDANTS)**

18       52.    Defendants re-allege and incorporate their responses to each preceding paragraph as if

19   fully stated herein.

20       53.    The allegations of paragraph 53 state a legal conclusion to which no answer is

21   required.

22       54.    The allegations of paragraph 54 state a legal conclusion to which no answer is

23   required.

24       55.    The allegations of paragraph 55 state a legal conclusion to which no answer is

25   required.

26       56.    Defendants deny the allegations of paragraph 56, except that Defendant 3

27   KINGDOMS, INC. admits that it required the waitstaff to pool their tips in 2021, and part of 2022.

28   ///

4862-8318-9957v9
LLAMBERT\32337001

57.     Defendants deny the allegations of paragraph 57, except that Defendant 3 KINGDOMS, INC. admits that it required the waitstaff to pool their tips in 2021, and part of 2022 in an amount set by 3 KINGDOMS, INC.

58.     Defendants deny the allegations of paragraph 58.

59.     Defendants deny the allegations of paragraph 59.

60.     Defendants deny the allegations of paragraph 60.

61.     Defendants deny the allegations of paragraph 61.

62.     Defendants deny the allegations of paragraph 62.

## COUNT 5 – FAILURE TO PAY OVERTIME COMPENSATION UNDER CAL. LAB. CODES

### (PLAINTIFF DAI, FELIPE, AND ORTIZ AGAINST ALL DEFENDANTS)

63.     Defendants re-allege and incorporate their responses to each preceding paragraph as if fully stated herein.

64.     The allegations of paragraph 64 state a legal conclusion to which no answer is required.

65.     The allegations of paragraph 65 state a legal conclusion to which no answer is required.

66.     The allegations of paragraph 66 state a legal conclusion to which no answer is required.

67.     Defendants deny the allegations of paragraph 67 but admit that Plaintiff DAI was designated as a manager.

68.     Defendants admit the allegations of paragraph 68, except that Plaintiff FELIPE generally worked six (6) night shifts per week.

69.     Defendants admit that Plaintiff FELIPE worked as a busser but deny the remaining allegations of paragraph 69.

70.     Defendants admit that in or around August and September 2023 Plaintiff FELIPE worked as a busser and that on Friday, Saturday, and Sunday, he would occasionally work from 11:00 a.m. until approximately 11:00 p.m. or 11:30 p.m. with a two (2) to two and one-half (2.5)  hour

break (excluding meal and rest breaks) from 2:30 p.m. or 3:00 p.m. until 5:00 p.m. but deny the remaining allegations of paragraph 70.

71.     Defendants deny the allegations of paragraph 71, but admit that on occasion, Plaintiff ORTIZ worked as a kitchen helper and dishwasher from 11:00 a.m. until approximately 11:00 p.m. or 11:20 p.m. with a one and one-half (1.5) hour to two-hour (2) break (excluding meal and rest breaks) from 2:30 p.m. until 4:00 p.m. or 4:30 p.m. or from 3:00 p.m. until 4:30 p.m. or 5:00 p.m.

72.     Defendants admit that, on occasion, Plaintiffs worked overtime but deny the remaining allegations in paragraph 72.

73.     Defendants deny the allegations of paragraph 73.

74.     Defendants deny the allegations of paragraph 74.

## COUNT 6 – FAILURE TO PAY MINIMUM WAGE UNDER CAL. LAB. CODES
## (PLAINTIFF DAI AGAINST ALL DEFENDANTS)

75.     Defendants re-allege and incorporate their responses to each preceding paragraph as if fully stated herein.

76.     The allegations of paragraph 76 state a legal conclusion to which no answer is required.

77.     The allegations of paragraph 77 state a legal conclusion to which no answer is required.

78.     The allegations of paragraph 78 state a legal conclusion to which no answer is required.

79.     Defendants admit that Plaintiff DAI was paid a fixed monthly salary but deny the remaining allegations of paragraph 79 of the First Amended Complaint.

80.     Defendants deny the allegations of paragraph 80 of the First Amended Complaint.

81.     Defendants deny the allegations of paragraph 81 of the First Amended Complaint.

///

///

///

///

1

## COUNT 7 – FAILURE TO PROVDIE REST AND MEAL PERIODS UNDER CAL. LAB.

2

## CODE AND IWC ORDER

3

### (ALL PLAINTIFF AGAINST ALL DEFENDANTS)

4      82.     Defendants re-allege and incorporate their responses to each preceding paragraph as if

5    fully stated herein.

6      83.     Defendants deny the allegations of paragraph 83 of the First Amended Complaint.

7      84.     Defendants admit that, on occasion, Plaintiffs worked nine (9) or ten (10) hours in a

8    given workday and that the evening shift generally lasted more than five (5) hours depending on

9    when an employee's evening shift began.  Defendants deny the remaining allegations of paragraph

10   84 of the First Amended Complaint.

11     85.     Defendants deny the allegations of paragraph 85.

12

## COUNT 8-FAILURE TO PAY SPLIT SHIFT PREMIUM

13

### ( PLAINTIFF FELIPE, ORTIZ, AND CALICIA AGAINST ALL DEFENDANTS)

14     86.     The allegations of paragraph 86 state a legal conclusion to which no answer is

15   required.

16     87.     The allegations of paragraph 87 state a legal conclusion to which no answer is

17   required.

18     88.      Defendants admit that, from approximately September 13, 2023 until February 22,

19   2024, on occasion, Plaintiff CALICIA worked as a busser from approximately 11:00 a.m. to 11:30 a.m.

20   until 10:00 p.m. or 11:00 p.m. with a two (2) or two and one-half (2.5) hour break beginning at or around

21   2:30 p.m. or 3:00 p.m. and varying each day. Defendants deny the remaining allegations in paragraph 88.

22     89.     Defendants admit that, on occasion, Plaintiffs FELIPE, ORTIZ, and CALICIA

23   worked both lunch and dinner shifts with two-hour or one-and-a-half-hour shift breaks in the

24   afternoon but deny the remaining allegations in paragraph 89.

25     90.     Defendants deny the allegations of paragraph 90.

26   ///

27   ///

28   ///

4862-8318-9957v9
LLAMBERT\32337001

### COUNT 9-FAILURE TO FURNISH ACCURATE ITEMIZED WAGE STATEMENTS
### UNDER CAL. LAB. CODE
### (ALL PLAINTIFFS AGAINST ALL DEFENDANTS)

91.    Defendants re-allege and incorporate their responses to each preceding paragraph as if fully stated herein.

92.    The allegations of paragraph 92 state a legal conclusion to which no answer is required.

93.    Defendants deny the allegations of paragraph 93.

94.    Defendants deny the allegations of paragraph 94.

95.    Defendants deny the allegations of paragraph 95.

96.    Defendants deny the allegations of paragraph 96.

### COUNT 10-FAILURE TO TIMELY PAY WAGES DUE AND OWING UPON
### TERMINATION
### (ALL PLAINTIFFS AGAINST ALL DEFENDANTS)

97.    Defendants re-allege and incorporate their responses to each preceding paragraph as if fully stated herein.

98.    The allegations of paragraph 98 state a legal conclusion to which no answer is required.

99.    Defendants deny the allegations of paragraph 99.

100.    Defendants deny the allegations of paragraph 100.

101.    Defendants deny the allegations of paragraph 101.

102.    The allegations of paragraph 102 state a legal conclusion to which no answer is required.

103.    Defendants deny the allegations of paragraph 103.

///

///

///

///

4862-8318-9957v9
LLAMBERT\32337001

1

**COUNT 11- WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**

2

**(TAMENY CLAIM)**

3

**(ALL PLAINTIFF AGAINST ALL DEFENDANTS)**

4
104.    Defendants re-allege and incorporate their responses to each preceding paragraph as if

5
fully stated herein.

6
105.    Defendants admit that Plaintiff took maternity leave in July 2023 and deny the

7
remaining allegations in the paragraph.

8
106.    Defendants admit the allegation of paragraph 106 that on or about August 7, 2023,

9
Defendant LIU sent a letter to Plaintiff DAI, but deny the remaining allegations in the paragraph that

10
Defendant LIU "knew the allegations were false and constituted extortion."

11
107.    Defendants admit that on or about November 17, 2023, Defendants received a PAGA

12
notice from Plaintiff DAI and deny the remaining allegations of paragraph 107.

13
108.    Defendants deny the allegations of paragraph 108.

14
109.    Defendants deny the allegations of paragraph 109.

15
110.    Defendants deny the allegations of paragraph 110.

16
111.    Defendants deny the allegations of paragraph 111.

17
112.    Defendants admit that Plaintiffs FELIPE and CALICIA were asked to clean the type

18
2 hood in the dining room of the restaurant but deny the remaining allegations in paragraph 112.

19
113.    Defendants deny the allegations in paragraph 113.

20
114.    Defendants deny the allegations of paragraph 114.

21
115.    Defendants deny the allegations of paragraph 115.

22
116.    Defendants deny the allegations of paragraph 116.

23

**COUNT 12-RETALIATION IN VIOLATION OF CALIFORNIA LABOR CODE**

24

**SECTION 98.6**

25

**(PLAINTIFF DAI AGAINST ALL DEFENDANTS)**

26
117.    Defendants re-allege and incorporate their responses to each preceding paragraph as if

27
fully stated herein.

28
///

-11-

4862-8318-9957v9
LLAMBERT\32337001

118.    The allegations of paragraph 118 state a legal conclusion to which no answer is required.

119.    Defendants deny the allegations of paragraph 119.

120.    Defendants deny the allegations of paragraph 120.

121.    Defendants deny the allegations of paragraph 121.

122.    Defendants deny the allegations of paragraph 122.

## COUNT 13-WHISTLEBLOWER RETALIATION IN VIOLATION OF CALIFORNIA LABOR CODE SECTION 1102.5

### (PLAINTIFF DAI AGAINST ALL DEFENDANTS)

123.    Defendants re-allege and incorporate their responses to each preceding paragraph as if fully stated herein.

124.    The allegations of paragraph 124 state a legal conclusion to which no answer is required.

125.    Defendants deny the allegations of paragraph 125.

126.    Defendants deny the allegations of paragraph 126.

127.    Defendants deny the allegations of paragraph 127.

128.    Defendants deny the allegations of paragraph 128.

## COUNT 14 -UNFAIR COMPETITION UNDER CAL. UCL §§ 17200-17210

129.    Defendants re-allege and incorporate their responses to each preceding paragraph as if fully stated herein.

130.    The allegations of paragraph 130 state a legal conclusion to which no answer is required.

131.    Defendants deny the allegations of paragraph 131, including the subparts (a) through (f).

132.    Defendants deny the allegations of paragraph 132, sentence 1. The allegations of paragraph 132, sentence 2, state a legal conclusion to which no answer is required.

133.    Defendants deny the allegations of paragraph 133.

134.    Defendants deny the allegations of paragraph 134.

## COUNT 15 –ACTIONS UNDER THE CALIFORNIA PRIVATE ATTORNEY GENERAL ACT OF 2004

135.    Defendants re-allege and incorporate their responses to each preceding paragraph as if fully stated herein.

136.    Defendants admit the allegations of paragraph 136 to the extent that it received a copy of the letter to the LWDA.  With respect to the remainder of paragraph 136, it states a legal conclusion to which no answer is required.

137.    Defendants admit the allegations of paragraph 137.

138.    The allegations of paragraph 138 state a legal conclusion to which no answer is required.

139.    The allegations of paragraph 139 state a legal conclusion to which no answer is required.

140.    The allegations of paragraph 140 state a legal conclusion to which no answer is required.

141.    The allegations of paragraph 141 state a legal conclusion to which no answer is required.

142.    The allegations of paragraph 142 state a legal conclusion to which no answer is required.

143.    Defendants admit that, on occasion, Plaintiffs worked approximately nine (9) or ten (10) hours in a given workday and that the evening shift generally lasted more than five (5) hours depending on when an employee's evening shift began.  Defendants deny the remaining allegations of paragraph 143 of the First Amended Complaint.

144.    The allegations of paragraph 144 state a legal conclusion to which no answer is required.

145.    The allegations of paragraph 145 state a legal conclusion to which no answer is required.

146.    The allegations of paragraph 146 state a legal conclusion to which no answer is required.

-13-

147.    Defendants admit that some full-time employees worked both lunch and dinner shifts with approximately one, two-hour (2) break (excluding meal and rest breaks) beginning between 2:30 p.m. and 4:00 p.m. Defendants deny the remaining allegations in paragraph 147.

148.    The allegations of paragraph 148 state a legal conclusion to which no answer is required.

149.    Defendants admit the allegations of paragraph 149.

150.    The allegations of paragraph 150 state a legal conclusion to which no answer is required.

151.    The allegations of paragraph 151 state a legal conclusion to which no answer is required.

152.    Defendants deny the allegations of paragraph 152 except that two employees typically worked 9.5 hours a day, and five and one-half (5.5) days per week during the relevant time period.

153.    Defendants deny the allegations of paragraph 153.

154.    Defendants deny the allegations of paragraph 154.

155.    The allegations of paragraph 155 state a legal conclusion to which no answer is required.

156.    The allegations of paragraph 156 state a legal conclusion to which no answer is required.

157.    The allegations of paragraph 157 state a legal conclusion to which no answer is required.

158.    The allegations of paragraph 158, sentence 1 state a legal conclusion to which no answer is required. Defendants deny the allegations of paragraph 158, sentence 2.

159.    The allegations of paragraph 159 state a legal conclusion to which no answer is required.

160.    The allegations of paragraph 160 state a legal conclusion to which no answer is required.

161.    The allegations of paragraph 161 state a legal conclusion to which no answer is required.

162. Defendants deny the allegations of paragraph 162.

163. Defendants deny the allegations of paragraph 163.

164. The allegations of paragraph 164 state a legal conclusion to which no answer is required.

165. The allegations of paragraph 165 state a legal conclusion to which no answer is required.

166. Defendants deny the allegations of paragraph 166.

167. Defendants deny the allegations of paragraph 167.

168. The allegations of paragraph 168 state a legal conclusion to which no answer is required.

**AFFIRMATIVE DEFENSES**

1. As a first affirmative defense, Defendants allege that the First Amended Complaint, and each purported cause of action therein, are barred in whole or in part because it fails to state facts sufficient to constitute a cause or causes of action against Defendants.

2. As a second affirmative defense, Defendants allege that the First Amended Complaint, and each purported cause of action therein, are barred in whole or in part, by the statute of limitations set forth in California Code of Civil Procedure sections 335 through 349.4, California Business & Professions Code sections 17200 *et seq.,* or California Government Code sections §12960, *et. seq.*

3. As a third affirmative defense, Defendants allege that the First Amended Complaint, and its first through tenth, and fourteenth through fifteenth causes of action therein, and the recovery of damages thereon, are barred in whole or in part based on bona fide, good faith disputes that any amount is due and owing.

4. As a fourth affirmative defense, Defendants allege that Plaintiffs fail to state a claim for which there is any individual liability, including without limitation, agency, joint venture, integrated enterprise, and/or alter ego liability.

5. As a fifth affirmative defense, Defendants allege Plaintiffs may not recover any amount because Defendants timely and properly paid Plaintiffs all amounts due and owing to them

throughout the course of their employment and upon their termination in the form of paychecks and/or direct deposit.

6.      As a sixth affirmative defense, Defendants allege that Plaintiffs may not recover any penalties because Defendants did not willfully fail to pay Plaintiffs amounts owed to them. Plaintiffs were responsible for documenting their time records and if they failed to do so properly or failed to inform management or human resources that they were not actually receiving meal and rest periods, Defendants had no reasonable way to know. At all times Defendants were unaware of any alleged failure to pay and had no willful intent not to pay Plaintiffs any wages due, if there were any.

7.      As a seventh affirmative defense, Defendants allege that any amount Plaintiffs may be entitled to recover is subject to an offset by the monies and business opportunities misappropriated and diverted by Plaintiffs. Plaintiffs may have taken meal breaks and other time off without properly recording such time off and as a result Defendants paid Plaintiffs for time not earned.

8.      As an eighth affirmative defense, Defendants allege that the First Amended Complaint, and its eleventh through thirteenth causes of action therein, are barred in whole or in part because there is an insufficient or no nexus or link between the actions of Plaintiffs on the one hand, and any alleged public policy violations or other wrongful actions of Defendants on the other.

9.      As a nineth affirmative defense, Defendants allege that the Complaint, and its eleventh through thirteenth causes of action therein, and the recovery of damages thereon, are barred in whole or in part because Defendants' alleged wrongful actions were done for legitimate business reasons, were done in good faith, and were not a pretext for any unlawful conduct..

10.     As a tenth affirmative defense, Defendants allege that the First Amended Complaint, and each and every purported cause of action therein, and the recovery of damages thereon, are barred by the after-acquired evidence doctrine, or the doctrine limits the remedies available to each Plaintiff.

11.     As an eleventh affirmative defense, Defendants allege that Plaintiffs are barred from monetary recovery and that in the event that Plaintiffs are entitled to any monetary recovery, that such recovery must be reduced by any amounts Plaintiffs have earned or could have earned through

-16-

other employment.

12.    As a twelfth affirmative defense, Defendants allege that the First Amended Complaint, and each and every purported cause of action therein, is barred from recovery by the doctrine of unclean hands by virtue of Plaintiffs' own conduct. Plaintiff DAI was the manager in charge of wage and hour matters, making her the person responsible for many of the alleged Labor Code violations, to the extent any exist. All Plaintiffs were responsible for following Company policies regarding breaks.

13.    As a thirteenth affirmative defense, Defendants allege that the First Amended Complaint, and to each and every purported cause of action therein, Defendants allege that Plaintiffs are barred by the doctrine of waiver.

14.    As a fourteenth affirmative defense, Defendants allege that the First Amended Complaint, and to each and every purported cause of action therein, Defendants allege that Plaintiff are barred by the doctrine of estoppel.

15.    As a fifteenth affirmative defense, Defendants allege that the First Amended Complaint, and to each and every purported cause of action therein, Defendants allege that after Plaintiff DAI left her employment at 3 KINGDOMS, INC., Defendants discovered Plaintiff's misconduct and therefore Defendants would have discharged Plaintiff anyways if they had known of Plaintiff's misconduct.

## **PRAYER FOR RELIEF**

WHEREFORE, as to the Complaint, Defendants pray for judgment as follows:

1.    That Plaintiffs take nothing by reason of the First Amended Complaint;

2.    For attorneys' fees as authorized by law or statute;

3.    For costs of suit incurred herein; and

4.    For such other relief as the Court deems just and proper.

## **COUNTERCLAIMS**

Defendants/Counterclaimants 3 KINGDOMS, INC. and ERDAN LIU (hereinafter referred to collectively as "Defendants"), by and through their undersigned counsel, hereby submit the following Counterclaims against Plaintiff/Counterclaim Defendant MENGYANG DAI ("Plaintiff"

1    or "Counterclaim Defendant") as follows:

2                                **JURISDICTION AND VENUE**

3         1.      This Court has supplemental jurisdiction of this Counterclaim under 28 U.S.C. §

4    1367(a) because it arises out of the same transaction and occurrence alleged in Counterclaim

5    Defendant's Complaint so as to form a part of the same case or controversy.

6         2.      Venue is proper in the Northern District of California under 28 USC § 1391(b)(2)

7    because a substantial part of the events or omissions giving rise to the claims alleged herein occurred

8    in the Northern District of California. Specifically, 3 Kingdoms, Inc. is located in the Northern

9    District of California, and Defendants are informed and believe Counterclaim Defendant resides in

10   the Northern District of California.

11                                      **PARTIES**

12        3.      Defendant 3 Kingdoms, Inc. dba 3 Kingdoms Hot Pot Restaurant was a California

13   corporation with its principal place of business located in the City of Mountain View, Santa Clara

14   County, State of California, and the restaurant is located at 134 Castro St., Mountain View,

15   California 94041.  3 Kingdoms, Inc.'s California corporation status was terminated on or about July

16   13, 2023.

17        4.      Defendant Erdan Liu ("Liu") is an individual and resident of Santa Clara County,

18   State of California.

19        5.      Defendants are informed and believe Counterclaim Defendant is an individual

20   residing in Santa Clara County, State of California.

21        6.      Defendants are informed and believe and on that basis allege that at all relevant times

22   hereto each of the Counterclaim Defendants was the principal or agent, partner, independent

23   contractor, servant, family member, and/or employee of at least one other of the Counterclaim

24   Defendant, and all of the acts performed by them or omissions alleged herein were made in the scope

25   and course of their employment, agency, partnership, family relationship, or other such relationship,

26   and with the knowledge, consent, approval and/or ratification of the principals, and each of them.

27        7.      Defendants are informed and believe, and thereon allege that each of the

28   Counterclaim Defendants named as Roes 1 through 10, inclusive, were and are in some manner

1  responsible for the actions, acts omissions herein alleged, and for the damages caused by the

2  Counterclaim Defendants, and are, therefore, jointly severally liable for the damages caused to

3  Defendants.

4      8.    Defendants are informed and believes, and thereon alleges that each of the

5  Counterclaim Defendants, Roes 1 through 10, inclusive, were, at all times herein relevant, acting in

6  concert with, and in conspiracy with, each and every one of the remaining Counterclaim Defendants.

7      9.    Wherever appearing in this Counterclaim, each and every reference to Counterclaim

8  Defendants or to any of them, is intended to be and shall be a reference to all Counterclaim

9  Defendants herein, and to each of them, named unnamed, including all fictitiously named

10 Counterclaim Defendants, unless said reference is otherwise specifical qualified.

11                          **FACTUAL ALLEGATIONS**

12     10.   Defendant 3 Kingdoms, Inc. operated a restaurant known as 3 Kingdoms Hot Pot

13 located at 134 Castro St., Mountain View, California 94041 ("3 Kingdoms").

14     11.   Defendant Erdan Liu ("Liu") is the owner of 3 Kingdoms.

15     12.   From November 2020 through about June 2021, Plaintiff was a waitress at 3

16 Kingdoms.  At the time Plaintiff started working for 3 Kingdoms, Plaintiff and Liu were already

17 friends.

18     13.   In or around June 2021, Plaintiff held a position of trust, confidence, and reliance to

19 Defendants as the manager of 3 Kingdoms. Plaintiff was the chosen operator of the restaurant, acting

20 as the restaurant's manager. Plaintiff held a position of influence due to her friendship of over five

21 years with Defendant Erdan Liu, and Defendants' reliance that she would run the restaurant and

22 account faithfully for their sales, profits, and employees.

23     14.   Defendants placed a high level of trust in and had a special relationship with Plaintiff

24 to act on behalf of Defendants as Plaintiff carried out day-to-day operations for 3 Kingdoms.

25     15.    During Plaintiff's time as store manager from about June 2021 through about July

26 20, 2023, she was responsible for onboarding new personnel, including the hiring and firing,

27 managing employees' performance, managing the timecard system, including calculating all of 3

28 Kingdoms' employees' hours worked, time off, wages, and tips. After reviewing the timecards for

accuracy, Plaintiff submitted the employees' time entries, including her own, to Liu.  In trust, confidence, and reliance on Plaintiff, Liu did not review the entries in these timecards. Liu assumed they were already reviewed by Plaintiff, and were true and correct. Liu submitted the timecards for payroll.

16.     Plaintiff held a position of trust, confidence, and reliance to Defendants that other than Defendant Liu, Plaintiff was the only other person who had access and password information to the timecard machine.

17.     In or around July 2022, Plaintiff demanded 3 Kingdoms to increase her salary. In evaluating whether to increase Plaintiff's salary by looking through her previous earnings, Liu discovered that from 2021 through 2022, Plaintiff added three individuals, Wang Shumin, Feng Hongyan and Zoe Godoy, to 3 Kingdoms' payroll and personnel.  These three individuals never worked for 3 Kingdoms, but their social security numbers were tied to 3 Kingdoms as "employees" of the company. These individuals, who Defendants never hired and saw perform any work or service at the restaurant, received W-2s forms from 3 Kingdoms.

18.     When reviewing these individuals' W-2 forms, Defendants were alarmed that the addresses listed matched Plaintiff's residential address.  Upon information and belief, Defendants discovered that Feng Hongyan was Plaintiff's mother-in-law and Wang Shumin was Plaintiff's mother.  Defendants do not know who Zoe Godoy is.

19.     Upon information and belief by Defendants, Plaintiff used this method of misreporting to steal other people's identities and deceive the Internal Revenue Services and receive government subsidies herself.  Upon information and belief, Plaintiff kept all or some of the money improperly designated for the named individuals.

20.     When Liu confronted Plaintiff with her concerns, she alluded to the fact that it could be unlawful to steal other people's identities for the benefit of evading federal and state income taxes.  At the time of the conversation, Plaintiff appeared to have stopped, but the damage had already been done.

21.     To date, Defendants tried to resolve the issue of the misreporting of wages caused by Plaintiff, to no avail. Plaintiff's willful misconduct in misreporting wages caused substantial harm to

4862-8318-9957v9
LLAMBERT\32337001

1    Defendants in an amount exceeding $131,092.41.

2         22.    Upon information and belief, throughout her time as manager at the restaurant,

3    Plaintiff continued to misappropriate funds from the company by falsifying her time records and

4    violating other applicable laws under the California Labor Code to increase her wages from 3

5    Kingdoms.  Plaintiff was made aware by Liu that as manager, she could not receive any tips from the

6    tipping pool.  Plaintiff managed the tipping pool. Upon information and belief, Defendants believe

7    Plaintiff shared everyone's tips equally, to include herself even though she was manager during the

8    relevant time.

9         23.    Upon information and belief, Plaintiff further falsely recorded her hours worked. In

10   2022 and 2023, Plaintiff requested time off, but Liu found from the timecard machine that Plaintiff

11   was still "clocked-in" even though she was not at work that day. Plaintiff was the only other person

12   who had access to the timecard machine. Defendants questioned the accuracy of Plaintiff's timecards

13   because unlike the other employees' timecards, all, or substantially all, of Plaintiff's hours worked

14   were changed or edited in her handwriting before the timecards were provided to Liu for processing.

15   As such, with Plaintiff not actually being present at work, coupled with these suspicious timecard

16   changes, Defendants believe Plaintiff falsified her time records in order to obtain more money from

17   3 Kingdoms, Inc.

18        24.    Defendants are informed and believe, and thereon allege, that Plaintiff distributed

19   unauthorized wages to at least three individuals, Wang Shumin, Feng Hongyan and Zoe Godoy, who

20   never worked for 3 Kingdoms. Upon information and belief, Plaintiff, who managed personnel,

21   erroneously used her own address for the three individuals who did not actually work for 3

22   Kingdoms, Inc.  It is believed that Plaintiff converted 3 Kingdoms' funds through the use of these

23   individuals' sensitive personal information for her own benefit.

24        25.    Defendants are informed and believe, and thereon allege, that Plaintiff mismanaged

25   and illegally converted the Plaintiffs' property by using Defendants' payroll and/or timecard system

26   for her own personal benefit unauthorized by Defendants.

27   ///

28   ///

-21-

DEFENDANTS, 3 KINGDOMS, INC.; 3 KINGDOMS, LLC; AND ERDAN LIU'S ANSWER TO PLAINTIFFS' FIRST AMENDED
COMPLAINT

## COUNT ONE - FRAUD – CONCEALMENT

### (Alleged by Defendants Against Plaintiff)

26.     Defendants incorporate by reference each and every allegation contained in each Paragraph herein of this Counterclaim, inclusive as though fully set forth herein.

27.     Plaintiff was in a manager position at 3 Kingdoms, owed a fiduciary duty to 3 Kingdoms, including a duty of loyalty. Plaintiff had the intent to deceive Defendants, intentionally failed to disclose and concealed material financial information of 3 Kingdoms to Defendants, for the purpose of hiding that Plaintiff was syphoning money from the 3 Kingdoms for her own personal gain.

28.     Defendants relied on Plaintiff to handle and manage personnel and payroll of the company, including performing payroll and timekeeping duties for 3 Kingdoms.  Plaintiff concealed and failed to disclose material information to Defendants, by falsifying her time records such that she clocked in for work even though she was not actually working and was taking time off; that she was keeping tips and income from 3 Kingdoms for herself as manager, and that she was misappropriating 3 Kingdoms' funds to herself through using three individuals, Wang Shumin, Feng Hongyan and Zoe Godoy, sensitive personal information. Defendants are informed and believe two of these individuals to be Plaintiff's mother and mother-in-law. Plaintiff further concealed and intentionally failed to disclose that her wages were misreported.

29.     Plaintiff also concealed and intentionally failed to comply with the alleged Labor Code violations and failed to address and remedy these alleged violations in a timely manner to prevent further complaints.

30.     Plaintiff was responsible for the day-to-day operations of 3 Kingdoms as the manager, and took advantage of her position to conceal information from Defendants. Plaintiff intended to deceive Defendants by concealing and intentionally failing to disclose the misappropriation of 3 Kingdoms' funds, to disclose and provide the correct information for 3 Kingdoms to properly report information to the IRS and comply with its tax obligations, and to properly oversee and address alleged Labor Code violations.

///

-22-

31.     Defendants were unaware of all these concealed facts until after Plaintiff voluntarily left the company in July 2023.  After Plaintiff left the company, Defendants also realized Plaintiff had no intention of remedying Defendants of any of the harm she caused.  Had the omitted information been disclosed, Defendants would have behaved differently.

32.     As a direct and proximate result of the aforementioned concealment Defendants have sustained harm and damages in an amount to be proven at trial.

33.     Plaintiff's concealment was a substantial factor in causing Defendants harm.

34.     The aforementioned acts and omissions by Plaintiff were intentional and willful and, by engaging in the acts alleged herein, Plaintiff acted maliciously, oppressively, fraudulently, and in conscious disregard of Defendants' rights, and they are entitled to an award of punitive damages against Plaintiff.

## COUNT TWO – CONVERSION

### (Alleged by 3 Kingdom against Plaintiff and ROES 1-10, all inclusive)

35.     3 Kingdoms incorporates by reference each and every allegation contained in each Paragraph herein of this Counterclaim, inclusive as though fully set forth herein.

36.     3 Kingdoms claims that Plaintiff wrongfully exercised control over its money property.

37.     3 Kingdoms owned, possessed, or had a right to possess the monies unlawfully received by Plaintiff by her way of misreporting wages, Plaintiff's unfair tipping practices, and Plaintiff's unlawful conduct of falsifying her own time records.

38.     Plaintiff substantially interfered with 3 Kingdoms' property by knowingly or intentionally taking possession of 3 Kingdoms' monies in profits and refusing to return 3 Kingdoms' monies after Defendants demanded its return.

39.     3 Kingdoms, nor Defendant Liu gave consent to Plaintiff's conduct.

40.     3 Kingdoms was harmed; and

41.     Plaintiff's conduct was a substantial factor in causing 3 Kingdom's harm.

42.     As a proximate result of Plaintiff's conversion, 3 Kingdoms alleges injuries suffered which are the natural, reasonable, and proximate results of the conversion.

-23-

4862-8318-9957v9
LLAMBERT\32337001

43.     3 Kingdoms has been damaged and continues to be damaged in an amount to be determined at the time of trial. By reason of these acts, 3 Kingdoms has been oppressed and seeks not only compensatory damages, but also punitive and exemplary damages.

## COUNT THREE – BREACH OF DUTY OF LOYALY

### (Alleged by 3 Kingdoms Against Plaintiff)

44.     3 Kingdoms incorporates by reference each and every allegation contained in each Paragraph herein of this Counterclaim, inclusive as though fully set forth herein.

45.     Plaintiff owed a duty of loyalty to 3 Kingdoms as an employee of 3 Kingdoms, and as 3 Kingdoms' manager to act in 3 Kingdoms' benefit in all matters connected with her employee relationship with 3 Kingdoms and to refrain from misappropriating 3 Kingdoms' profits, assets, and/or property during Plaintiff's employment.

46.     Plaintiff breached her duty of loyalty to 3 Kingdoms by intentionally and knowingly taking action adverse to 3 Kingdoms' interests during her employment by: (a) misreporting wages for 3 Kingdoms by transferring the funds earned by 3 Kingdoms to at least three individuals who never performed any work or services for 3 Kingdoms; (b) making false and/or misleading entries in her time card records to conceal and misrepresent the hours she worked for 3 Kingdoms; and (c) misappropriating funds earned by 3 Kingdoms for her own personal use through providing herself shares from the tipping pool.

47.     Defendants never gave informed consent to Plaintiff to take these actions adverse to 3 Kingdoms' interests.

48.     As a proximate result of Plaintiff's conduct, 3 Kingdoms has been harmed and has suffered, and will continue to suffer, monetary, competitive, and irreparable harm. Plaintiff's unlawful conduct was a substantial factor in causing Defendants' harm.

49.     3 Kingdoms further alleges that Plaintiff acted willfully, and with malice, fraud, and oppression, entitling 3 Kingdoms to an award of punitive damages.

///

///

///

4862-8318-9957v9
LLAMBERT\32337001

1    **COUNT FOUR - RECEIPT OF STOLEN PROPERTY – VIOLATION OF PENAL CODE**
2    **§ 496**

3    **(Alleged by 3 Kingdoms against Plaintiff, and ROES 1 through 10, inclusive)**

4    50.    3 Kingdoms incorporates by reference each and every allegation contained in each

5    Paragraph herein of this Counterclaim, inclusive as though fully set forth herein.

6    51.    California Penal Code section 496(a) states in relevant part: "Every person who buys

7    or receives any property that has been stolen or that has been obtained in any manner constituting

8    theft or extortion, knowing the property to be so stolen or obtained, or who conceals, sells,

9    withholds, or aids in concealing, selling, or withholding any property from the owner, knowing the

10   property to be so stolen or obtained, shall be punished by imprisonment in a county jail …"

11   52.    California Penal Code section 496(c) states: "Any person who has been injured by a

12   violation of subdivision (a) or (b) may bring an action for three times the amount of actual damages,

13   if any, sustained by the plaintiff, costs of suit, and reasonable attorney's fees."

14   53.    Upon information and belief, 3 Kingdoms' preliminary investigation has revealed that

15   Plaintiff (a) misreported wages for 3 Kingdoms by transferring the funds earned by 3 Kingdoms to at

16   least three individuals who never performed any work or services for 3 Kingdoms; (b) made false

17   and/or misleading entries in her time card records to conceal and misrepresent the hours she worked

18   for 3 Kingdoms; and (c) misappropriated funds earned by 3 Kingdoms for her own personal use

19   through providing herself shares from the tipping pool.

20   54.    Plaintiff violated California Penal Code § 496(a) when she fraudulently and

21   unilaterally misappropriated, diverted, and received stolen funds from 3 Kingdoms during the time

22   she was employed by 3 Kingdoms. Plaintiff has knowledge the funds belonged to 3 Kingdoms, in

23   accordance with her fiduciary duties as a manager at 3 Kingdoms.

24   55.    Plaintiff, with an intent to permanently deprive 3 Kingdoms, fraudulently

25   misappropriated 3 Kingdoms' money, as alleged in detail herein. Plaintiff at least knowingly

26   deprived and/or defrauded 3 Kingdoms of its money. This conduct constitutes theft, as defined in

27   California Penal Code § 484(a), and a violation under California Penal Code § 496(a). Such violation

28   establishes civil liability under California Penal Code§ 496(c).

4862-8318-9957v9
LLAMBERT\32337001

56.     In committing these thefts, Plaintiff acted willfully, oppressively, fraudulently, and maliciously, and with a conscious disregard of the rights of 3 Kingdoms.

57.     Plaintiff has profited from the use of 3 Kingdoms' money, retaining them for her own use and benefit and depriving 3 Kingdoms of those profits.

58.     Pursuant to California Penal Code § 496(c), 3 Kingdoms is entitled to three times the amount of actual damages, costs of suit, and attorneys' fees. 3 Kingdoms is also entitled to recovery of punitive damages in an amount to be determined at trial.

## COUNT FIVE – INTENTIONAL MISREPRESENTATION

### (Alleged by Defendants against Plaintiff and ROES 1-10, all inclusive)

59.     Defendants incorporate by reference each and every allegation contained in each Paragraph herein of this Counterclaim, inclusive as though fully set forth herein.

60.     Plaintiff misrepresented to Defendants regarding the actual net profits earned by 3 Kingdoms, the actual hours she worked at 3 Kingdoms, and the employees that performed work or services for 3 Kingdoms in 2021 and 2022 by (a) misreporting wages for 3 Kingdoms by transferring the funds earned by 3 Kingdoms to at least three individuals who never performed any work or services for 3 Kingdoms; (b) making false and/or misleading entries in her time card records to conceal and misrepresent the hours she worked for 3 Kingdoms; and (c) misappropriating funds earned by 3 Kingdoms for her own personal use through providing herself shares from the tipping pool.

61.     Plaintiff's representation was false.

62.     Plaintiff knew that the representation was false when she made them, or that she made the representation recklessly and without regard for its truth.

63.     Plaintiff intended that Defendants rely on the representation, in order to conceal that she was taking monies or funds from 3 Kingdoms.  Plaintiff was the manager and responsible for the day-to-day operations of 3 Kingdoms, and took advantage of her position to conceal information from Defendants,

///

///

4862-8318-9957v9
LLAMBERT\32337001

64.     Defendants were harmed.

65.     Defendants' reliance on Plaintiff's representation was a substantial factor in causing Defendants' harm.

66.     As a direct result of Plaintiff's misrepresentations, Defendants have suffered damages in an amount to be proven at trial.

67.     The aforementioned acts and omissions by Plaintiff were intentional and willful and, by engaging in the acts alleged herein, Plaintiff acted maliciously, oppressively, fraudulently, and in conscious disregard of Defendants' rights. Defendants are therefore entitled to an award of punitive damages against Plaintiff.

## **COUNT SIX – NEGLIGENT MISREPRESENTATION**

### **(Alleged by Defendants against Plaintiff and ROES 1-10, all inclusive)**

68.     Defendants incorporate by reference each and every allegation contained in each Paragraph herein of this Counterclaim, except Count Five, inclusive as though fully set forth herein.

69.     Plaintiff misrepresented to Defendants regarding the actual net profits earned by 3 Kingdoms, the actual hours she worked at 3 Kingdoms, and the employees that performed work or services for 3 Kingdoms in 2021 and 2022 by (a) misreporting wages for 3 Kingdoms by transferring the funds earned by 3 Kingdoms to at least three individuals who never performed any work or services for 3 Kingdoms; (b) making false and/or misleading entries in her time card records to conceal and misrepresent the hours she worked for 3 Kingdoms; and (c) misappropriating funds earned by 3 Kingdoms for her own personal use through providing herself shares from the tipping pool.

70.     Plaintiff's representation was not true.

71.     Plaintiff had no reasonable grounds to believe that these misrepresentations were true when Plaintiff made them. She knew she was diverting funds from 3 Kingdoms by adding three additional employees into personnel and payroll and unlawfully receiving additional income from 3 Kingdoms.

///

///

72.     Plaintiff intended that Defendants rely on these representations;

73.     Defendants reasonably relied on Plaintiff's representation;

74.     Defendants were harmed; and

75.     Defendants' reliance on Plaintiff's representation was a substantial factor in causing them harm. Plaintiff misappropriated cash and funds from 3 Kingdoms, harming Defendants.

76.     As a direct result of Plaintiff's misrepresentations, Defendants have suffered damages in an amount to be proven at trial.

<u>**COUNT SEVEN – MONEYS HAD AND RECEIVED**</u>

**(Alleged by 3 Kingdoms Against Plaintiff and ROES 1-10, all inclusive)**

77.     3 Kingdoms incorporates by reference each and every allegation contained in each Paragraph herein of this Counterclaim, inclusive as though fully set forth herein.

78.     Upon information and belief, Plaintiff took possession of 3 Kingdoms' funds and monies without Defendants' consent for her own personal benefit and use. The money was intended to be used for the benefit of 3 Kingdoms, not Plaintiff.

79.     From 2021 through 2023, Plaintiff became indebted to 3 Kingdoms in the amount of at least $131,092.41.

80.     Accordingly, 3 Kingdoms is entitled to damages in the amount of at least $131,092.41, but in an amount to be determined at the time of trial.

<u>**PRAYER FOR RELIEF**</u>

WHEREFORE, Defendants pray for judgment as follows against Plaintiff, and each of the Counterclaim Defendants (unless otherwise stated above):

1.     For the value of the property converted;

2.     For general and special damages against Plaintiff, and all other Counterclaim Defendants (if any), according to proof and to be determined at the time of trial;

3.     For punitive and exemplary damages;

4.     For reasonable attorney's fees and costs, including under California Penal Code § 496(c);

5.     For costs of suit herein incurred;

4862-8318-9957v9
LLAMBERT\32337001

6.    For pre-judgment interest at the legal rate and costs of suit; and

7.    For such other and further relief as the Court may deem just and proper.

DATED: JUNE 14, 2024                    BERLINER COHEN, LLP

BY: _____
SUSAN E. BISHOP
LEAH M. LAMBERT
ATTORNEYS FOR DEFENDANTS AND
COUNTERCLAIMANTS, 3 KINGDOMS, INC.
3 KINGDOMS, LLC; AND ERDAN LIU