UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MENGYANG DAI, et al.<br><br>    Plaintiffs,<br><br>v.<br><br>ERDAN LIU, et al.,<br><br>    Defendants. | Case No. 24-cv-00356-VKD<br><br>**ORDER RE DISCOVERY DISPUTE RE DEFENDANTS' RESPONSES TO PLAINTIFFS' INTERROGATORIES AND DOCUMENT REQUESTS; ADMONISHING DEFENDANTS**<br><br>Re: Dkt. Nos. 44, 45, 46 |

On December 6, 2024, plaintiffs filed two unilateral discovery dispute letters, complaining that defendants failed to properly and timely respond to plaintiffs' interrogatories and document requests, and further that defendants' counsel failed to participate in this Court's discovery dispute resolution procedures. Dkt. Nos. 44, 45. On December 9, 2024, the Court ordered defendants to file a substantive response to plaintiffs' discovery dispute letters by December 10, 2024. Dkt. No. 46. In addition, the Court ordered defendants to "separately file a response to this order and show cause why they should not be sanctioned for failure to comply with the Standing Order's requirements regarding the resolution of discovery disputes." *Id.*

Defendants filed a substantive response to plaintiffs' discovery dispute letters on December 10, 2024. Dkt. Nos. 47, 48. Defendants did not separately file a response to the Court's show cause order.

The Court held a hearing regarding these matters on January 7, 2025. For the reasons discussed on the record during the hearing, the Court orders as follows:

1. Defendants must serve amended responses to plaintiffs' interrogatories and document requests no later than **January 14, 2025**. The amended responses must fully comply

with the requirements of the Federal Rules of Civil Procedures and the Civil Local Rules of the Northern District of California.

2. Defendants must complete their production of responsive documents no later than **January 14, 2025**. At a minimum, the pages of each document must be labeled with unique identifiers (e.g. Bates labeled), unless the parties agree otherwise.

3. If plaintiffs believe that defendants' amended responses are deficient in any material respect, plaintiffs shall identify these deficiencies in writing to defendants no later than **January 21, 2025**.

4. The parties must confer regarding any such deficiencies no later than **January 24, 2025** and attempt in good faith to resolve the matters. Lead counsel for the parties must participate in the conference.

5. If disputes remain about purported deficiencies in defendants' amended responses that the parties are unable to resolve, the parties must jointly file discovery dispute letter(s) addressing these matters no later than **January 31, 2025**. The contents of the joint letters must comply with the requirements in the Court's Standing Order for Civil Cases. If no disputes remain regarding defendants' amended responses, the parties must jointly file a status report on **January 31, 2025** so advising the Court.

The Court admonishes defendants' counsel for their failure to participate as required in the Court's discovery dispute resolution procedures, and for their failure to respond as directed to the Court's order to show cause.

The parties are reminded that failure to comply with the Federal Rules of Civil Procedure, the Local Rules of the Northern District of California, this Court's Standing Orders, and other orders entered in this action may result in monetary sanctions, dismissal of claims or defenses, drawing of adverse inferences, entry of adverse judgment, or other appropriate sanctions.

**IT IS SO ORDERED.**

Dated: January 7, 2025

Virginia K. DeMarchi
United States Magistrate Judge

2