UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MENGYANG DAI, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>ERDAN LIU, et al.,<br><br>    Defendants. | Case No. 24-cv-00356-VKD<br><br>**ORDER RE FEBRUARY 7, 2025 DISCOVERY DISPUTE RE DEFENDANTS' RESPONSES TO INTERROGATORIES AND DOCUMENT REQUESTS**<br><br>Re: Dkt. Nos. 60, 61 |

The Court has reviewed the parties' February 7, 2025 discovery dispute letters regarding defendants' responses to plaintiffs' interrogatories and document requests. Dkt. Nos. 60, 61.

Once again, the parties have not complied with this Court's standing order regarding submission of discovery disputes. These submissions lump together apparent disputes regarding unrelated discovery requests and responses, which the standing order does not permit. Neither submission provides a concise "statement of the dispute requiring resolution" of not more than 100 words. And most importantly, neither submission includes a clear statement of "each party's position, including citation to applicable authority, and proposed resolution of the dispute." *See* Standing Order for Civil Cases, section 4. In fact, the parties' discussion of their respective positions is so abbreviated and conclusory that the Court is unable to resolve most of them on the record presented. The parties are seriously mistaken if they believe the Court will hold a hearing on these disputes and simply allow them to present their arguments and positions for the first time at the hearing.

### 1. Interrogatories

Although several interrogatories seem to be listed at the beginning of the discovery dispute letter, plaintiffs refer specifically to only two interrogatories in their argument—Interrogatories

Nos. 8 and 22—which they contend defendants failed to answer as required. Dkt. No. 60 at 2. Defendants do not specifically address either of these interrogatories; they state merely that "a hearing is still required." *Id.* at 3.

        **a.**      **Interrogatory No. 8**

Interrogatory No. 8 asks defendants to "[s]tate the name, home address, and telephone number of all persons who have knowledge of the facts upon which the affirmative defense[1] is based." Dkt. 60-1. Defendants objected to this interrogatory on various grounds, none of which they defend in their portion of the discovery dispute letter, save for a single reference to a statute of limitations for PAGA claims. Dkt. No. 60 at 3; Dkt. No. 60-1. Plaintiffs argue that the information they seek is not limited to their PAGA claims, but includes information about employees who worked during the same time period she did (2020-2024) who may be potential witnesses. Dkt. No. 60 at 2. Defendants do not address this argument.

Notwithstanding their objections to Interrogatory No. 8, defendants identify the following people:
> Mengyang Dai
> Erdan Liu
> Erdan Liu's husband
> "Employees provided in response to Request 1 may potentially possess such knowledge."

*Id.* Defendants' answer is not responsive. Defendants' objections to this interrogatory are overruled. Defendants must amend their answer to Interrogatory No. 8 to state the full name (and not "X's husband"), home address, and telephone number of <u>each employee</u> who worked at the 3 Kingdoms Hot Post restaurant in Mountain View, California at any time during the period 2020-2024 <u>and</u> has knowledge of the facts on which any of defendants' affirmative defenses are based. Defendants may designate their amended answer to this interrogatory pursuant to the protective order in this case, if appropriate. Defendants must serve an amended answer no later than **February 14, 2024.**

---

[1] The Court construes "the affirmative defense" as a reference to "each affirmative defense in the answer." *See* Dkt. No. 60-1 (Interrogatory No. 7).

**b.     Interrogatory No. 22**

Interrogatory No. 22 asks defendants to "identify all your tax preparers, including but not limited to CPAs . . . from 2020 to the present." Dkt. 60-1. Defendants objected to this interrogatory on the same grounds they asserted as to Interrogatory No. 8, none of which they defend in their portion of the discovery dispute letter. Dkt. No. 60 at 3; Dkt. No. 60-1. They refuse to answer the interrogatory. Plaintiffs argue that without responsive information they cannot subpoena defendants' tax preparers or CPAs. Dkt. No. 60 at 2. However, plaintiffs do not explain why any information they might wish to subpoena from these service providers is relevant to any claim or defense or proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1).

For these reasons, the Court denies plaintiffs' request for relief as to this interrogatory.

**2.     Document Requests**

The Court previously ordered defendants to complete their production of responsive documents by January 14, 2025. *See* Dkt. No. 54. Plaintiffs suggest that defendants have not complied with this order, and that to the extent they are withholding documents on grounds of attorney-client privilege or the attorney work product doctrine, they have not supported those claims by serving a privilege log. Dkt. No. 61 at 3. Although several document requests seem to be listed at the beginning of the discovery dispute letter, the parties have not addressed the disputed document requests or responsive document production at issue in a manner that permits the Court to understand and resolve their disputes. Thus, the Court takes no action regarding these matters at this time.

Nevertheless, defendants are specifically advised that their failure comply with discovery obligations in this case, including the Court's prior orders, may result in monetary sanctions, dismissal of claims or defenses, drawing of adverse inferences, entry of adverse judgment, or other appropriate sanctions against defendants and/or their counsel. *See* Fed. R. Civ. P. 37.

**IT IS SO ORDERED.**

Dated: February 12, 2025



Virginia K. DeMarchi
United States Magistrate Judge