UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MENGYANG DAI, et al.,<br><br>    Plaintiffs,<br><br> v.<br><br>ERDAN LIU, et al.,<br><br>    Defendants. | Case No. 24-cv-00356-VKD<br><br>**ORDER RE MARCH 10, 2025 DISCOVERY DISPUTE LETTERS**<br><br>Re: Dkt. Nos. 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95 |

The parties have once again filed 15 discovery dispute letters. Dkt. Nos. 81-95. The Court has reviewed these submissions. Evidently, the parties made very little effort to resolve any of their disputes and, with a few exceptions, neither has complied with the Court's February 28, 2025 order. *See* Dkt. No. 79. As it appears further briefing would be useless, the Court resolves these disputes on the record presented, as follows:

**1.    Dkt. No. 81 (Plaintiffs' RFP 1)**

Plaintiffs do not explain how the discovery requested in RFP 1 is relevant to any party's claim or defense or proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1). However, defendants' objections are not supported, and they offer no justification for their failure to identify or produce responsive documents. Accordingly, as provided in Rule 37(c)(1), defendants may not use or rely on any documents that they did not timely produce to support any of the following:

1. Counterclaim (para. 23):

> In 2022 and 2023, Plaintiff requested time off, but Liu found from the timecard machine that Plaintiff was still 'clocked-in' even though she was not at work that day. Plaintiff was the only other person who had access to the timecard machine. Defendants

> questioned the accuracy of Plaintiff's timecards because unlike the other employees' timecards, all, or substantially all, of Plaintiff's hours worked were changed or edited in her handwriting before the timecards were provided to Liu for processing. As such, with Plaintiff not actually being present at work, coupled with these suspicious timecard changes, Defendants believe Plaintiff falsified her time records in order to obtain more money from 3 Kingdoms, Inc.

2. Counterclaim (para. 46):

> Plaintiff breached her duty of loyalty to 3 Kingdoms by intentionally and knowingly taking action adverse to 3 Kingdoms' interests during her employment by: (a) misreporting wages for 3 Kingdoms by transferring the funds earned by 3 Kingdoms to at least three individuals who never performed any work or services for 3 Kingdoms; (b) making false and/or misleading entries in her time card records to conceal and misrepresent the hours she worked for 3 Kingdoms; and (c) misappropriating funds earned by 3 Kingdoms for her own personal use through providing herself shares from the tipping pool."

3. Defendants' affirmative defenses.

**2.    Dkt. No. 82 (Plaintiffs' RFP 2)**

Although RFP 2 is broadly worded, plaintiffs address only their request for copies of the reports defendant(s) made to the Mountain View Police Department, the California Social Security Administration, and the California Employment Development Department. To the extent defendants object to producing these documents, their objections are overruled. Defendants must produce these reports by **March 31, 2025**. If defendants do not have the reports, they must so advise plaintiffs, in writing. Plaintiffs' belated request for permission to serve third party subpoenas after the close of fact discovery is denied.

**3.    Dkt. No. 83 (Plaintiffs' RFPs 18-21)**

Defendants must produce all records of compensation, including cash compensation, for all named plaintiffs for any pay periods worked from November 1, 2020 through December 31, 2024 by **March 31, 2025**. Defendants must produce records sufficient to show the compensation, including cash compensation, for all non-exempt employees other than named plaintiffs for any

2

pay periods worked from January 1, 2023[1] through December 31, 2024 by **March 31, 2025**. To the extent defendants object to producing these documents, their objections are overruled. Failure to produce these records may impair defendants' ability to rely on evidence rebutting plaintiffs' allegations concerning defendants' compliance with wage and hour laws and regulations. *See* Fed. R. Civ. P. 37(c)(1). Plaintiffs' belated request for permission to serve third party subpoenas after the close of fact discovery is denied.

4.   **Dkt. No. 84 (Plaintiffs' RFPs 23 and 29)**

Defendants must produce all itemized wage statements for each of the named plaintiffs and documents sufficient to show all hours each named plaintiff worked for every pay period worked from November 1, 2020 through December 31, 2024 by **March 31, 2025**. Defendants must produce all itemized wage statements for all non-exempt employees other than named plaintiffs for any pay periods worked from January 1, 2023 through December 31, 2024 by **March 31, 2025**. To the extent defendants object to producing these documents, their objections are overruled. Failure to produce these records may impair defendants' ability to rely on evidence rebutting plaintiffs' allegations concerning defendants' compliance with wage and hour laws and regulations. *See* Fed. R. Civ. P. 37(c)(1). Plaintiffs' request for other documents outside the scope of RFPs 23 and 29 is denied. Plaintiffs' belated request for permission to take a further deposition Erdan Liu is denied as untimely and insufficiently supported.

5.   **Dkt. No. 85 (Plaintiffs' RFPs 24-27**)

Defendants must produce documents sufficient to show all meal and rest breaks for each of the named plaintiffs for any pay periods worked from November 1, 2020 through December 31,2024 by **March 31, 2025**. Defendants must produce documents sufficient to show all meal and rest breaks for each of all non-exempt employees other than named plaintiffs for any pay periods worked from January 1, 2023 through December 31, 2024 by **March 31, 2025**. To the extent defendants object to producing these documents, their objections are overruled. Failure to produce these records may impair defendants' ability to rely on evidence rebutting plaintiffs' allegations

---

[1] Approximately one year before plaintiffs filed this action.

concerning defendants' compliance with wage and hour laws and regulations. *See* Fed. R. Civ. P. 37(c)(1).

### 6. Dkt. No. 86 (Plaintiffs' RFPs 30-33)

Defendants must produce all W-2 and W-4 forms for each of the named plaintiffs for any pay periods worked from November 1, 2020 through December 31, 2024 by **March 31, 2025**. Defendants must produce all W-2 and W-4 forms for all non-exempt employees other than named plaintiffs for any pay periods worked from January 1, 2023 through December 31, 2024 by **March 31, 2025**. To the extent defendants object to producing these documents, their objections are overruled. Failure to produce these records may impair defendants' ability to rely on evidence rebutting plaintiffs' allegations concerning defendants' compliance with wage and hour laws and regulations. *See* Fed. R. Civ. P. 37(c)(1).

### 7. Dkt. No. 87 (Plaintiffs' RFPs 34-35)

Plaintiffs demand all itemized wage statements and all W-2 forms for all individuals who were not defendants' employees but were on defendants' payroll. Plaintiffs fail to adequately explain how discovery of this scope is relevant to any party's claim or defense or proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1). However, defendants must produce any itemized wage statements and W-2 forms for Hongyan Feng, Shumin Wang, Anthony Martinez, and Marisol Ortiz for any pay periods from November 1, 2020 through December 31, 2024 by **March 31, 2025**.

### 8. Dkt. No. 88 (Plaintiffs' RFPs 38-47 and 49)

Plaintiffs fail to adequately explain how the discovery sought by these RFPs is relevant to any party's claim or defense or proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1). Conclusory assertions are insufficient. Plaintiffs' request for relief is denied.

### 9. Dkt. No. 89 (Plaintiffs' Interrogatories Nos. 1-4)

Plaintiffs fail to adequately explain why they require the name, contact information, and employment details of every person ever employed by defendants from 2020 to the present. While plaintiffs contend that some of these current and former employees may be potential witnesses, their indiscriminate demand for all information about all current and former employees is

4

1  supported only be conclusory assertions, and plaintiff have not shown that the scope of discovery
2  is proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1). Plaintiffs' belated request
3  for permission to take up to six additional depositions after the close of fact discovery is denied.

**10.    Dkt. No. 90 (Plaintiffs' Interrogatory No. 5)**

Plaintiffs fail to adequately explain how the discovery sought by this interrogatory is relevant to any party's claim or defense or proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1). Conclusory assertions are insufficient. Plaintiffs' request for relief is denied.

**11.    Dkt. No. 91 (Plaintiffs' Interrogatories Nos. 6-7 and 9)**

Interrogatories Nos. 6, 7 and 9 ask defendants to state the legal and factual bases for each of defendants' affirmative defenses, and to identify all documents that support each affirmative defense. Plaintiffs contend that defendants have merely repeated their affirmative defenses as stated in defendants' answer and have identified their entire document production, without specifying which documents support which affirmative defenses. Defendants state that plaintiffs do not refer to defendants' amended responses to these interrogatories. Plaintiffs do not respond to this argument. Defendants' amended responses to Interrogatories Nos. 6 and 7 mostly parrot their pleading, and defendants' identification of their entire document production in the amended response to Interrogatory No. 9 does not fairly satisfy plaintiffs' request for information. Accordingly, as provided in Rule 37(c)(1), defendants may not use or rely on any fact, legal argument, or document that they did not timely and properly disclose or identify in response to Interrogatories Nos. 6, 7 and 9, unless they are able to demonstrate that the failure to disclose or identify is harmless.

**12.    Dkt. No. 92 (Plaintiffs' Interrogatories Nos. 12, 15 and 18)**

Plaintiffs fail to adequately explain how the discovery sought by these interrogatories is relevant to any party's claim or defense or proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1). However, defendants' objections are not supported, and they offer no justification for their failure to identify the specific documents requested in these interrogatories. With respect to the information sought in Interrogatories Nos. 15 and 18, concerning defendants' assertions in paragraphs 46 and 23 of their counterclaims, because defendants failed to identify any specific

documents in response to these interrogatories, but instead identified their entire document production, defendants may not use or rely on any document to support the factual statements in those paragraphs, unless they are able to demonstrate that their failure to identify the specific documents, as requested, is harmless. Plaintiffs' request for relief is otherwise denied.

**13.     Dkt. No. 93 (Plaintiffs' Interrogatory No. 21)**

Plaintiffs do not explain how the discovery requested in Interrogatory No. 21 is relevant to any party's claim or defense or proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1). However, defendants' objections are not supported, and their answer is not responsive. Defendants' failure to state with particularity their "tip pooling" arrangements during the period of time any named plaintiff was employed may impair defendants' ability to rely on any such evidence to rebut plaintiffs' allegations concerning defendants' compliance with wage and hour laws and regulations concerning tips. *See* Fed. R. Civ. P. 37(c)(1).

**14.     Dkt. No. 94 (Plaintiffs' Interrogatory No. 24)**

Plaintiffs fail to adequately explain how the discovery sought by these interrogatories is relevant to any party's claim or defense or proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1). However, it appears that defendants wish to amend their answer to Interrogatory No. 24. Any such amended response must be served no later than **March 31, 2025**. Plaintiffs' request for relief is otherwise denied.

**15.     Dkt. No. 95 (Plaintiffs' Interrogatory No. 25)**

Plaintiffs fail to adequately explain how the discovery sought by this interrogatory is relevant to any party's claim or defense or proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1). Plaintiff's single-sentence, conclusory assertion is insufficient. Plaintiffs' request for relief is denied.

**IT IS SO ORDERED.**

Dated: March 21, 2025

Virginia K. DeMarchi
United States Magistrate Judge

6