UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MENGYANG DAI, et al.,<br><br>            Plaintiffs,<br><br>    v.<br><br>ERDAN LIU, et al.,<br><br>            Defendants. | Case No. 24-cv-00356-VKD<br><br>**ORDER RE SANCTIONS** |

On July 16, 2025, the Court held a hearing on its order directing the parties to show cause why they should not be sanctioned for their failure to comply with the Court's Standing Order re Pretrial Preparation and May 12, 2025 order (Dkt. No. 102). At the hearing, each side was given an opportunity to be heard. *See* Dkt. No. 107. Based on the discussion held at the hearing, the Court orders as follows:

District courts have inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases. *Dietz v. Bouldin*, 579 U.S. 40, 47 (2016). The Court's inherent power is "governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962). Moreover, federal courts have inherent power to impose monetary or other sanctions in order to control the conduct of the proceedings, protect the "orderly administration of justice" and to maintain "the authority and dignity of the court." *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764-67 (1980) (citations omitted).

Rule 16(f) of the Federal Rules of Civil Procedure, provides that a court, on its own

motion, "may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney: (A) fails to appear at a scheduling or other pretrial conference; (B) is substantially unprepared to participate—or does not participate in good faith—in the conference; or (C) fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1). "Instead of or in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses—including attorney's fees—incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 16(f)(2). As the purpose of Rule 16 is "to encourage forceful judicial management, a court has broad discretion to sanction attorneys and parties who fail to comply with the court's reasonable case management orders." *Smith v. Humboldt Cnty. Sheriff's Office Corr. Facility*, No. 24-cv-01035-PHK, 2025 WL 41926 (N.D. Cal. Jan. 7, 2025) (quotations and citations omitted).

As the parties utterly failed to comply with the Court's Standing Order re Pretrial Preparation[1] and the May 12, 2025 Order (Dkt. No. 97), the Court was unable to proceed with the July 16, 2025 final pretrial conference, which was scheduled more than a year ago (*see* Dkt. No. 21). At the show cause hearing, neither side offered a persuasive reason explaining why they could not comply with the Court's ordered deadlines. While plaintiffs' counsel, Xiaoyong Lai, stated that he experienced recurring bouts of allergies beginning in April 2024, that does not explain why he could not have timely sought an extension well before June 25, 2025 (when the court-ordered pretrial deadlines began to run), or why he did not attempt to obtain a stipulation for an extension of time until July 9, 2025, i.e., after most of the court-ordered deadlines had already passed and on the day the parties' joint pretrial statement was due. Defendants' counsel, Zheng Liu, also provided no reasonable explanation for defendants' non-compliance. Defendants' references to scheduling mishaps after the trial was continued are implausible. As defendants themselves noted in a recent filing, the Court's May 12, 2025 order expressly stated that notwithstanding the continuance of the trial, the final pretrial conference remained set for July 16,

---

[1] https://cand.uscourts.gov/standing_order_re_pretrial_preparation_august_2023/

2025, and the parties were expected to comply with the deadlines set in the Standing Order re Pretrial Preparation. *See* Dkt. No. 97; *see also* Dkt. No. 101.[2] Noting that defendants may dismiss their counterclaims, defendants' counsel further stated that defendants could not comply with their obligations and deadlines under the Standing Order re Pretrial Conferences because plaintiffs also failed to comply with their respective obligations. As discussed at the July 16, 2025 hearing, the contemplated dismissal of defendants' counterclaims is irrelevant, and defendants' obligations to comply with the Standing Order re Pretrial Preparation are not contingent on plaintiffs' compliance with that order.

The Court's records reflect that this is not the first time the parties or their counsel have been admonished to comply with relevant standing orders and/or the Civil Local Rules. *See* Dkt. Nos. 46, 54, 58, 79, 96, 102.

The Court finds that the parties' failure to comply with the Standing Order re Pretrial Preparation and the May 12, 2025 order warrants the imposition of sanctions as follows:

1. Each law firm currently representing the parties is sanctioned in the amount of $500.00 payable to the Clerk of the Court by **July 24, 2025**. The law firms shall not bill their clients for the sanctions amount or require their clients to pay the sanctions amount.

2. Each attorney who will try this case must complete a bar-approved CLE course or courses on pretrial and trial practice before the federal courts. The Court strongly recommends that counsel complete the CLE courses before the November 3, 2025 start of trial. However, the Court requires counsel to complete the CLE courses **within six months from the date of this order, i.e., January 12, 2026**.[3] Within 10 court days of the completion of the CLE courses, counsel must file with the Court a certification, under oath, attesting that they have completed the CLE courses by the January 12, 2026 deadline. Counsel's certification must attach any certificate of completion from

---

[2] Although defendants characterize the May 12, 2025 order as an "admonish[ment to] Plaintiff[s]" (*see* Dkt. No. 101 at 1), that order was directed to *all* parties.

[3] In the event this case is dismissed or otherwise closed before January 12, 2026, the Court retains jurisdiction to enforce its orders.

the CLE provider.

**IT IS SO ORDERED.**

Dated: July 16, 2025

Virginia K. DeMarchi
United States Magistrate Judge